**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**DANE C. TANNLER,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**

**Case No. 26-CV-01319-SPM**

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Dane C. Tannler, proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court **DENIES** Petitioner's motion and declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

## Background

On May 8, 2023, Petitioner Dane C. Tannler pleaded guilty to distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 1); possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) (Count 2); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(a) (Count 3); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)

and 924(a)(2) (Count 4). *United States v. Tannler*, No. 21-CR-30183-SPM (S.D. Ill. 2023) (Cr. Doc. 52, pp. 1–2).[1]

On August 16, 2023, the Court entered judgment against and sentenced Tannler to a total term of 262 months' imprisonment. (*Id.,* p. 3). Tannler did not file a direct appeal with the United States Court of Appeals for the Seventh Circuit.

Tannler now seeks to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). He argues that he was improperly designated a career offender under United States Sentencing Guidelines § 4B1.1 based on a prior state conviction, which inflated his advisory guideline range to 262 to 327 months. (*Id.*, p. 1.) Without that designation, he contends, his range would have been 140 to 175 months, and he would have received a lower sentence. (*Id.*, p. 2.)

## Legal Standard

Section 2255 of Title 28 of the U.S. Code provides a federal prisoner with a post-conviction remedy to test the legality of their detention "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Extraordinary situations include "error[s] of

[1] Citations to the docket in Tannler's underlying criminal case, *United States v. Tannler*, No. 21-CR-30183-SPM (S.D. Ill. 2023), appear as "Cr. Doc." Citations to the docket in this case appear as "Doc." The Court also notes that in his motion, Tannler appears to have incorrectly identified his criminal case number as 3:21-CR-30181-SPM. The correct case number is 3:21-CR-30183-SPM, and the Court construes the motion as directed at that case.

constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013). District courts conduct preliminary review of motions brought under 28 U.S.C § 2255 to determine whether, based on the motion, the files, records from of the prior proceedings of the case, it "plainly appears" that the prisoner is not entitled to relief. *See* R. GOVERNING § 2255 PROC. U.S. DIST. CTS. R. 4(b) (hereinafter "§ 2255 R. 4(b)").

## ANALYSIS

### I. Timeliness

A petitioner must bring a 28 U.S.C. § 2255 motion within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the triggering event is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); *Perkins v. United States*, No. 3:22-CV-0678-NJR, 2025 WL 1026458 at *3 (S.D. Ill. Apr. 7, 2025). Where a defendant does not file for direct review, finality coincides with the expiration of the deadline to

file a notice of appeal, *see Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013), generally fourteen days after the entry of judgment, FED. R. APP. P. 4(b)(1)(A)(i).

**A. Tannler's § 2255 Motion is Untimely**

In this case, the date on which Tannler's judgment of conviction became final is the relevant one. Tannler does not allege that an unconstitutional government-created impediment prevented him from filing, *see* 28 U.S.C. § 2255(f)(2); he does not invoke a Supreme Court decision recognizing a new right made retroactively applicable to cases on collateral review, *see id.* § 2255(f)(3); and he does not claim that he only recently discovered the facts supporting his claims, *see id.* § 2255(f)(4).

That leaves § 2255(f)(1), under which the one-year limitations period runs from the date Tannler's conviction became final. The Court entered judgment on August 16, 2023. (Cr. Doc. 52.) Tannler did not appeal, so his conviction became final fourteen days later, on August 30, 2023. *See* FED. R. APP. P. 4(b)(1)(A)(i), 26(a)(1); *Clarke*, 703 F.3d at 1100. He therefore had until August 30, 2024, to file his § 2255 motion. He did not file it until September 16, 2026, more than two years after the limitations period expired. (*See* Doc. 1) His motion is untimely.

**B. No Exception to the Limitations Period Applies**

Even when a § 2255 motion is untimely, the Court may reach its merits if the movant establishes that he is entitled to equitable tolling. *Clarke*, 703 F.3d at 1101. Tannler fails to establish that exception applies here.

A movant is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his

way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The extraordinary circumstance must be one beyond the movant's control. *See Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021); *Gray v. Zatecky*, 865 F.3d 909, 912 (7th Cir. 2017) (identifying that district courts must evaluate circumstances holistically).

Tannler has not pointed to any extraordinary circumstances outside of his control that made him incapable of filing this motion in a timely fashion and the Court is otherwise unaware of any facts that suggest the presence of such circumstances. *Ademiju*, 999 F.3d at 477. Accordingly, equitable tolling is unavailable here.

## II. Career-Offender Designation

In any event, a timely motion would not have changed the outcome in this case; it plainly appears from the motion and the record of prior proceedings that Tannler's argument that his sentence was calculated in error is not entitled to relief. *See* § 2255 R. 4(b).

For purposes of the United States Sentencing Guidelines ("Guidelines"), a defendant qualifies as a career offender if, among other requirements, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. SENT'G GUIDELINES MANUAL § 4B1.1(a) (U.S. SENT'G COMM'N 2021). The consequence of the career-offender designation is that it increases the defendant's advisory guideline range, and thus his sentence, by assigning him the highest

criminal history category and an offense level tied to the statutory maximum for his offense. *See id.* § 4B1.1(b).

According to Tannler, the Court misapplied *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). (Doc. 1, p. 1). In his view, a correct application of *Ruth* would have barred the Court from using his prior Illinois conviction for possession with intent to deliver cocaine as a predicate offense, he would not have been designated as a career offender, and he would have received a lower sentence.[1] (*Id.*)

Tannler misreads *Ruth*. The defendant there challenged his sentence on two grounds. First, he argued that his prior Illinois conviction for possession with intent to deliver cocaine was not a "felony drug offense" and so could not support an enhancement under 21 U.S.C. § 851. *Ruth*, 966 F.3d at 645. Second, he argued that the same conviction should not have been used to designate him a career offender under § 4B1.1 of the Guidelines. *Id.*

The Seventh Circuit accepted the first argument but rejected the second. *Id.* at 650–54. Although the Illinois conviction was not a "felony drug offense" under 21 U.S.C. § 851, the Seventh Circuit explained that the career-offender guideline "defines the term controlled substance offense broadly." *Id.* at 654. That definition is "most plainly read to 'include state-law offenses related to controlled or counterfeit

---

[1] Tannler's career-offender designation rested on three prior felony convictions: (1) possession with intent to deliver methamphetamine, No. 18-CF-195 (Ill. Cir. Ct. Madison Cnty. 2019); (2) unlawful possession with intent to deliver a controlled substance, No. 10-CF-902 (Ill. Cir. Ct. Madison Cnty. 2011); and (3) unlawful drug conspiracy, No. 07-CF-22 (Ill. Cir. Ct. Jersey Cnty. 2008) (Cr. Doc. 43, p. 7). Tannler does not clearly identify which conviction he refers to. The page of the Presentence Investigation Report that he cites does not list his prior convictions (*see* Doc. 1, p. 1; Cr. Doc. 43, p. 6), and two of the three involve possession with intent to deliver a controlled substance. But he describes the relevant conviction as involving less than 15 grams of cocaine, (Doc. 1. p. 1), so the Court construes his motion as concerning No. 10-CF-902.

substances punishable by imprisonment for a term exceeding one year.'" *Id.* (quoting *United States v. Hudson*, 618 F.3d 700, 703 (7th Cir. 2010)). Relying on the ordinary meaning of "controlled substance," which includes any "behavior-altering or addictive drugs . . . whose possession and use are restricted by law," the Seventh Circuit held that the defendant's Illinois cocaine conviction was a controlled substance offense under the guideline. *Id.* (quoting *Controlled substance*, RANDOM HOUSE DICTIONARY ENG. LANGUAGE (2d ed. 1987)).

*Ruth* thus forecloses, rather than supports, Tannler's argument. Tannler's predicate conviction was for possession with intent to deliver cocaine, a substance whose possession and use are restricted by Illinois law, and the offense was punishable by more than one year of imprisonment. *See* 720 ILL. COMP. STAT. 570/401(c)(2) (classifying the offense as a Class 1 felony); 730 ILL. COMP. STAT. 5/5-4.5-30(a) (providing a sentencing range of four to fifteen years for a Class 1 felony). This is the same statute *Ruth* held counts as a controlled substance offense under the guideline. 966 F.3d at 644, 654. The Court therefore properly used this conviction as a predicate offense under § 4B1.2(b) of the Guidelines, and Tannler is not entitled to relief on this claim.

For the same reason, Tannler's ineffective-assistance claim fails. (Doc. 1, p. 3). Counsel was not deficient for failing to raise an objection under *Ruth*, because Tannler cannot show prejudice from counsel's failure to raise an argument that would have failed. *See Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013) (citing *United States v. Stewart*, 388 F.3d 1079, 1085 (7th Cir. 2004).

## Conclusion

For the reasons set forth above, Petitioner Dane C. Tannler's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings in United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or that Tannler presented a valid claim of the denial of a constitutional right. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: November 3, 2026**

**STEPHEN P. MCGLYNN**
**U.S. District Judge**